IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STANLEY J. FERNANDES, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. H-18-1544 |
| VMOC LLC, VMLH LLC, JAN AHMED AHMAD, and BARKAT ALI | § § § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

**I.  Background**

In May 2018, Stanley Fernandes sued VMOC LLC, VMLH LLC, Jan Ahmed Ahmad, and Barkat Ali for violating the Fair Labor Standards Act's overtime pay requirement. (Docket Entry No. 1). Fernandes alleges that the defendants paid him and other similarly situated employees a fixed sum each week, although they routinely worked more than 40 hours each work week. (*Id.* at ¶¶ 49, 50, 51). In August 2018, Fernandes moved to dismiss or to strike 12 of the defendants' affirmative defenses. (Docket Entry No. 9). The defendants filed an amended answer in response in September 2018. (Docket Entry No. 11).

Based on the pleadings, motion, record, and applicable law, Fernandes's motion is granted in part and denied in part. The reasons are set out in detail below.

## II. The Legal Standards

### A. Rule 15(a)(1)(A)

A defendant may amend its answer without leave of court within 21 days of answering the complaint. FED. R. CIV. P. 15(a)(1)(A). After that, a party must receive the court's permission or the adverse party's consent to amend its pleading. FED. R. CIV. P. 15(a)(2). Courts "should freely give leave when justice so requires." *Id.* Because answers are not pleadings that require a response, FED. R. CIV. P. 7(a)(7), the defendants may not amend their original answer as of right under Rule 15(a)(1)(B).

### B. Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a pleading fails "to state a claim upon which relief can be granted." Affirmative defenses are governed by Federal Rule of Civil Procedure 8(c), which provides that "a party must affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(c). To avoid dismissal, a defendant "must plead an affirmative defense with enough factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). "Although absolute specificity in pleading is not required, fair notice of the affirmative defense is." *Automated Med. Labs v. Armour Pharm. Co.*, 629 F.2d 1118, 1122 (5th Cir. 1980). In some cases, "merely pleading the name of the affirmative defense . . . may be sufficient." *Woodfield*, 193 F.3d at 362. The issue is whether the pleading sufficiently "identif[ies] the affirmative defense in question" and notifies the plaintiff. *Id.*

### C. Rule 12(f)

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). A motion to strike under Rule 12(f) "is

a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown v. Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057–58 (5th Cir. 1982). "'[E]ven when technically appropriate and well-founded,' motions to strike are not [to] be granted 'in the absence of a showing of prejudice to the moving party.'" *Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011) (first alteration in original) (quoting WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1381 (3d ed. 2004)). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum*, 677 F.2d at 1057. Whether to grant or deny a motion to strike is in the trial court's discretion. *See, e.g., In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979).

## III. Analysis

### A. The Amended Complaint

As a response to Fernandes' motion, the defendants filed an amended answer in September 2018, after the 21-day period for amending without the court's leave or Fernandes's consent. (Docket Entry No. 11). "When an act may or must be done within a specified time, the court may, for good cause, extend the time," but only on motion if "the time has expired" showing that the "party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). The defendants have not moved for leave or shown good cause. The amended answer does not supersede the original answer. *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) ("[F]ailing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in [a pleading] having no legal effect.").

### B. Fernandes's Challenges Under Rules 12(b)(6) and 12(f)

#### 1. The Defendants' Fourth Affirmative Defense

The fourth affirmative defense "invoke[s] the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq*." (Docket Entry No. 6 at 6). Fernandes argues that "[t]he [d]efendants resorting to all of the 'defenses, protections and limitations' of the FLSA is nothing more than a statement that consists entirely of legal conclusions and bare assertions devoid of any factual enhancement." (Docket Entry No. 9 at 4). Fernandes asks the court to dismiss or strike the defense because he "is unsure which of the FLSA's 'defenses and limitations' [the d]efendants intend to rely on as an affirmative defense," and because he "has not been provided the legally required fair notice." (*Id.* at 4–5).

In *Biller v. Cafe Luna of Naples, Inc.*, No. 2:14-CV-659-FTM-29DNF, 2015 WL 1648888, at *2 (M.D. Fla. Apr. 13, 2015), the defendants "invoke[d] the defenses, protections and limitations of the Fair Labor Standards Act" as an affirmative defense. The court held that because the defense was "in the broadest possible terms" and did "not provide any information connecting them to [the p]laintiff's claims," it failed to notify the plaintiff of the "issue[ the d]efendants seek to raise and therefore [is] precisely the type of bare-bones conclusory allegation[] that must be stricken." *Id.* The same analysis and conclusion apply here. The defendants' fourth affirmative defense is dismissed with leave to amend. *See Rodriguez v. Physician Lab. Servs., LLC*, No. 7:13-CV-622, 2014 WL 847126, at *2 (S.D. Tex. Mar. 4, 2014) (dismissing a defense "invok[ing] the statutory limit contained in all statutes relevant to this [FLSA] case and all other defenses therein [for] fail[ing] even the lenient fair notice standard").

## 2. The Defendants' Fifth Affirmative Defense

The answer asserts that "[a]t all times, [the d]efendants acted in good faith and had reasonable grounds for believing that their actions were in compliance with the FLSA in regards to their employees." (Docket Entry No. 6 at 6). Fernandes contends that "[w]ithout any factual enhancement, [the d]efendants' mere recitation of the statute is inadequate and fails to give fair notice." (Docket Entry No. 9 at 5). Fernandes argues that because there are two good-faith defenses under the FLSA, the court should dismiss the affirmative defense as pleaded because it is unclear which one the defendants assert. (*Id.*).

Section 259(a) shields a defendant from FLSA liability if the employer "pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written . . . regulation, order, ruling, approval, or interpretation" of the Department of Labor. 29 U.S.C. § 259(a). Section 260 protects defendants from liquidated damages "if the employer shows . . . that the act or omission giving rise to such action was in good faith and that [the employer] had reasonable grounds for believing that [its] act or omission was not a violation of the" FLSA. 29 U.S.C. § 260.

In *Rodriguez v. Physician Laboratory Services*, 2014 WL 847126, at *3, the defendants similarly pleaded a generic good-faith defense to the plaintiff's claim. The court held that "[t]his pleading barely scrapes over the fair notice standard. Only someone already familiar with the [FLSA] would recognize the 'good faith defense,' since [the d]efendants did not take the effort to cite . . . the code." *Id.* While the *Rodriguez* defendants referred to liquidated damages and, presumably, § 260, the defendants in this case neither cite to a statutory provision nor indicate which defense they intend to assert by referring to liquidated damages or FLSA liability. As in *Rodriguez*,

the defendants here fail to inform Fernandes whether they invoke § 259(a) or § 260. The court dismisses the defense, with leave to amend.

### 3. The Defendants' Sixth and Twelfth Affirmative Defenses

The defendants' sixth and twelfth affirmative defenses assert that the "[d]efendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA." (Docket Entry No. 6 at 6–7). Fernandes argues that the court should dismiss these defenses because ignorance is not a defense to FLSA liability. (Docket Entry No. 9 at 6). Fernandes also argues that "merely claiming the [d]efendants did not show reckless disregard of the FLSA's requirements is inadequate because it is a recitation of the statute devoid of any factual enhancement." (*Id.*).

Fernandes conflates the requirements for complaints and answers. While complaints must satisfy the *Iqbal* and *Twombly* standard, the defendants' answer must only "identify the affirmative defense in question and provide notice of its basis." *Woodfield*, 193 F.3d at 362. Indeed, "merely pleading the name of the affirmative defense . . . may be sufficient." *Id; see United States ex rel. Parikh v. Citizens Med. Ctr.*, 302 F.R.D. 416, 418 (S.D. Tex. 2014) ("This Court is persuaded that the traditional fair notice standard, without the *Twombly* and *Iqbal* gloss, applies to an affirmative defense."); *Bell Atl. v. Twombly*, 550 U.S. 544, 548 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 666 (2009). The defendants recite "the standard for willfulness in FLSA cases, 'that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Herrera v. Ultilimap Corp.*, No. H-11-3851, 2012 WL 3527065, at *3 (S.D. Tex. Aug. 14, 2012) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (988)); *see* 29 U.S.C. § 255(a). Although ignorance is not a defense to FLSA liability, *see Barcellona v. Tiffany English Pub., Inc.*, 597 F.2d 464, 468–69 (5th Cir. 1979), the defendants "describ[ed] the element[] that [Fernandes]

6

must prove" to establish a willful violation, which sufficiently identifies the affirmative defense. *Herrera*, 2012 WL3527065, at *3. The court nevertheless strikes the twelfth affirmative defense, with leave to amend, because its repetition of the sixth affirmative defense makes it redundant. FED. R. CIV. P. 12(f).

### 4. The Defendants' Seventh Affirmative Defense

The defendants' seventh affirmative defense asserts that "[t]his action is barred to the exten[t Fernandes] seeks recovery for time that is not compensable time, i.e., 'hours worked' and 'overtime.'" (Docket Entry No. 6 at 6). Because the pleading fails to give "fair notice" of an affirmative defense, the court dismisses the seventh defense, with leave to amend. *Woodfield*, 193 F.3d at 362.

### 5. The Defendants' Thirteenth Affirmative Defense

This defense asserts that "[w]ithout assuming the burden of proof, [the d]efendants complied with all recordkeeping requirements of the FLSA." (Docket Entry No. 6 at 7). Fernandes contends that this defense "is nothing more than a generic statement that consists entirely of legal conclusions and bare assertions devoid of any factual enhancement." (Docket Entry No. 9 at 7). Fernandes also argues that "he is unsure which of the FLSA's numerous 'recordkeeping requirements' [the d]efendants intend to rely upon as an affirmative defense, and how such recordkeeping requirements would act as bar to . . . Fernandes' unpaid overtime claim." (*Id.*).

Other courts have recognized that while "the FLSA does not provide a private right of action for recordkeeping violations of the Act[,] an employer's recordkeeping practices may nonetheless corroborate an employee's claims that the employer acted willfully in failing to compensate for overtime wages." *See Perez v. T.A.S.T.E. Food Prods., Inc.*, No. 5:13-CV-655-DAE, 2014 WL

7

412327, at *5 (W.D. Tex. Feb. 3, 2014). Ordinarily, the FLSA provides for a two-year statute of limitations. 29 U.S.C. § 255(a). But the FLSA extends the statute of limitations to three years if the "cause of action ar[ose] out of a willful violation." *Id.* Fernandes alleges that the "[d]efendants do not possess contemporaneous, complete and accurate records of the number of hours [Fernandes] and members of the [c]lass worked." (Docket Entry No. 1 at ¶ 61). Fernandes "and members of the [c]lass sue for their unpaid overtime wages falling within the three-year period preceding the filing of this . . . action." (*Id.* at ¶ 65). Because the defense challenges evidence that Fernandes will likely proffer to establish a willful violation, the court finds that it bears on the action and declines to dismiss or strike it. *Perez*, 2014 WL 412327, at *5.

### 6. The Defendants' Fourteenth Affirmative Defense

The defendants allege that the "[p]laintiffs and members of the purported class or collective action are not similarly situated. The potential claims of the purported class reflect variability." (Docket Entry No. 6 at 7). Fernandes argues that the defense "is no more than a partial recitation of an element of Plaintiff's class claim." (Docket Entry No. 9 at 7). He claims that "the defense fails to be pled with sufficient particularity or factual enhancement to provide[] fair notice of what is being claimed as a defense." (*Id.* at 7–8).

The court disagrees. The defense notifies Fernandes that the defendants will contest his class claim. Because the defendants "could prove a set of facts upon which this defense would be successful," the court denies the motion as to the defendants' fourteenth affirmative defense. *Hansen v. ABC Liquors, Inc.*, No. 3:09-CV-966-J-34MCR, 2009 WL 3790447, at *2 (M.D. Fla. Nov. 9, 2009).

### 7. The Defendants' Sixteenth Affirmative Defense

The sixteenth affirmative defense contends that the defendants' "actions were in good faith conformity with and/or reliance on administrative [sic]." (Docket Entry No. 6 at 8). The court dismisses this pleading because it fails to give Fernandes "fair notice" of an affirmative defense, with leave to amend. *Woodfield*, 193 F.3d at 362.

### 8. The Defendants' Seventeenth Affirmative Defense

This defense claims that Fernandes "has failed to mitigate [his] alleged damages." (Docket Entry No. 6 at 8). "[T]here is no duty to mitigate overtime wages under the FLSA." *Tran v. Thai*, No. H-8-3650, 2010 WL 5232944, at *7 (S.D. Tex. Dec. 16, 2010); *see Rodriguez*, 2014 WL 847126, at *3 ("This fact should not surprise Defendants. It would be odd, for instance, to require underpaid employees to work extra hours to offset unpaid wages."). The court strikes this defense because it "is insufficient as a matter of law," with leave to amend. *Kaiser Aluminum*, 677 F.2d at 1057.

### 9. The Defendants' Eighteenth Affirmative Defense

The defendants' eighteenth affirmative defense argues that Fernandes' "claims are barred by the doctrine[s] of waiver, estoppel and/or laches." (Docket Entry No. 6 at 8). Fernandes contends that these defenses "are generally inapplicable to FLSA claims." (Docket Entry No. 9 at 10). Fernandes further contends that even if these defenses apply, the defendants "have not alleged any facts to put [him] on fair notice of their defenses." (*Id.* at 14).

"It is unclear whether waiver, estoppel, and laches are available defenses under the FLSA." *Faludi v. US Shale Sols LLC*, No. H-16-3467, 2017 WL 5969261, at *11 (S.D. Tex. Nov. 30, 2017) (quoting *Tran*, 2010 WL 5232944, at *7). "[T]he general rule [is] that an employee cannot waive

9

her rights under the FLSA without supervision by the Secretary of Labor or the Court." *Ayers v. Consol. Const. Servs. of Sw. Fla., Inc.*, No. 2:07-CV-123-FTM-29DNF, 2007 WL 4181910, at *2 (M.D. Fla. Nov. 26, 2007) ("The FLSA provisions are mandatory, are not subject to negotiation or bargaining between employers and employees, and are not subject to wavier."). The Fifth Circuit has upheld the application of a waiver defense to a FLSA overtime claim in only one instance, when "an employee furnished, unbeknownst to the employer, false data by under-reporting hours worked." *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972)*; Allen v. City of Texas City*, No. G-10-176, 2014 WL 2547763, at *5 (S.D. Tex. June 5, 2014). And laches is unavailable "so long as the FLSA claim is brought within the applicable statute of limitations." *Coffin v. Blessey Marine Servs., Inc.*, No. H-11-214, 2011 WL 2193378, at *1 (S.D. Tex. June 6, 2011) (quoting *Ojeda-Sanchez v. Bland Farms, LLC*, No. 608-CV-96, 2010 WL 3282984, at *17 (S.D. Ga. Aug. 18, 2010)).

Because courts have recognized estoppel and laches defenses to FLSA claims, the defense is not deficient as a matter of law. *See Coffin*, 2011 WL 2193378, at *1 ("[A]t this early stage in the litigation, the Court cannot conclude that the [d]efendant's affirmative defense of waiver, estoppel, and laches are insufficient as a matter of law."). The court declines to strike the defense.

### 10. The Defendants' Nineteenth Affirmative Defense

The nineteenth defense asserts that Fernandes "has failed to exhaust administrative remedies." (Docket Entry No. 6 at 8). The Supreme Court has held that the FLSA "grants individual employees broad access to the courts . . . . No exhaustion requirement or other procedural barriers are set up, and not other forum for enforcement of statutory rights is referred to or created by the statute." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981). The court

strikes this defense, with leave to amend, because it fails as a matter of law. *Kaiser Aluminum*, 677 F.2d at 1057.

### 11. The Defendants' Twentieth Affirmative Defense

The defendants' twentieth defense alleges that "[a]ll actions taken by [the d]efendants with respect to [Fernandes] were supported by legitimate business reasons." (Docket Entry No. 6 at 8). While the FLSA includes good faith defenses, it does not have a legitimate-business-reason defense to overtime claims. This defense appears to be a general denial of Fernandes's allegations. The court strikes its assertion as an affirmative defense, with leave to amend. *See Fed.Trade Comm'n. v. Think All Pub.L.L.C.*, 564 F. Supp. 2d 663, 665–66 (E.D. Tex. 2008); *Fed.Trade Comm'n. v. Liberty Supply Co.*, No. 4:15-CV-829, 2016 WL 4063797, at *3 n.3 (E.D. Tex. July 29, 2016) ("Under Rule 12(f), negative defenses are redundant, and should be stricken so that they are not raised a second time as an affirmative defense.").

## III. Conclusion

The defendants' fourth, fifth, seventh, and sixteenth affirmative defenses are dismissed, without prejudice, with leave to replead no later than **October 22, 2018**. The court strikes the twelfth, seventeenth, nineteenth, and twentieth affirmative defenses, without prejudice, with leave to amend no later than **October 22, 2018**.

SIGNED on October 9, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge