IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STANLEY J. FERNANDES, individually and on behalf of all others similarly situated, § § § | |
| Plaintiff, § § | |
| VS. § | CIVIL ACTION NO. H-18-1544 |
| § § | |
| VMOC LLC, VMLH LLC, § JAN AHMED AHMAD, and § BARKAT ALI, § § § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

In May 2018, Stanley Fernandes sued VMOC LLC, VMLH LLC, Jan Ahmed Ahmad, and Barkat Ali, alleging violations of the Fair Labor Standards Act overtime-pay requirement. (Docket Entry No. 1). Fernandes alleges that the defendants, owners and operators of a Valero gas station, paid him and similarly situated employees a fixed sum each week, although they routinely worked more than 40 hours each work week. (*Id.* at ¶¶ 49, 50, 51). The defendants move to consolidate this case with *Fernandes v. Complex OMV, Inc., et al*, No. H-18-1475, to compel interrogatory answers, and for a continuance. (Docket Entry Nos. 19, 21–22). The motions are denied, for the reasons set out below.

**I.     The Motion to Consolidate**

The defendants argue that the court should consolidate this case with *Complex OMV* because "the cases are virtually identical, there is the same Plaintiff in both cases, and consolidation will promote convenience and judicial economy." (Docket Entry No. 19). Fernandes responds that there

"are significant differences in the two cases that prevent consolidation." (Docket Entry No. 20 at 3).

Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The district court has broad discretion in determining whether there are common questions of law and fact, whether to consolidate, and to what extent. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989). The court may consider "whether the actions are pending before the same court; . . . any risk of prejudice or confusion from the consolidation, and the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; and whether consolidation will save time and expense." *Moller-Maersk v. Safewater Lines*, No. H-13-1726, 2017 WL 416296, at *4 n.8 (S.D. Tex. Jan. 31, 2017). "Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial." *Mills*, 886 F.2d at 762 (citing *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 990 (5th Cir. 1983)).

While this case and *Complex OMV* share some facts, those similarities do not warrant consolidation. Fernandes worked as a clerk at the Valero gas station from February 2014 to December 2017. In this case, Fernandes sued the Valero station's current owners and operators, alleging that they failed to pay him overtime, as required by the FLSA. In *Complex OMV*, which is before Judge Ellison of this Division and set for trial in September 2019, Fernandes sued the ownership group that sold the Valero station to the defendants in this case in June 2017, alleging similar claims. The cases are not before the same judge. This case, unlike *Complex OMV*, is rapidly

approaching trial. Fernandes does not allege that he worked for the ownership groups at the same time, eliminating the risk of inconsistent adjudications. The defendants have not explained why they have moved to consolidate on the eve of trial, 11 months after Fernandes filed the two lawsuits. No factor weighs in favor of consolidation. The motion, (Docket Entry No. 19), is denied.

## II.     The Motion to Compel

The defendants' motion to compel, (Docket Entry No. 21), is inconsistent with this court's procedures, which require a "party wishing to make a[] discovery motion [to] arrange for a conference with the court before the preparation and submission of any motion papers." (Docket Entry No. 15 at 2). The motion, (Docket Entry No. 21), is stricken. The defendants must file a premotion dispute letter by **April 10, 2019**, explaining the basis for the ruling they seek and why they waited to seek relief until after the January 25, 2019, discovery deadline. Fernandes must respond by **April 13, 2019**. The parties' submissions are each limited to three pages. The court will hear argument at the docket call set for **April 15, 2019**.

## III.    The Motion for a Continuance

The defendants have moved for a continuance, arguing that Fernandes has failed to respond to several discovery requests. (Docket Entry No. 22). The motion is denied. The defendants failed to take action within the discovery period and now seek a delay a week before the long-scheduled docket call. To the extent that there are legitimate discovery differences or disagreements, the court will make adjustments or order steps necessary to avoid prejudice at the docket call scheduled for April 15, 2019.

3

## IV. Conclusion

The motions, (Docket Entry Nos. 19, 21–22), are denied. The parties must appear for docket call on **April 15, 2019, at 3:30 p.m.**

SIGNED on April 9, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge
